## ISALY DAIRY CO v AKRON (city) Etc, et

Ohio Appeals, 9th Dist, Summit Co

No 2162. Decided Sept 25, 1933

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff.

Gillum H. Doolittle, Director of Law, and A. H. Johnson, Asst. Director of Law, both of Akron, for defendants.

ROBERTS, J, (7th Dist), sitting in place of WASHBURN, PJ.

## OPINION

By STEVENS, J.

Numerous grounds are urged by plaintiff as the bases for the alleged invalidity of said ordinance, only one of which need here be considered.

This ordinance was passed as an emergency measure. §35 of the city charter of Akron provides in part as follows:

"Emergency measures shall contain a section in which the emergency is set forth and defined."

The ordinance in question contains the following with respect to the emergency:

"This ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health and safety, for the reason that milk bottled at a great distance from the city of Akron is a menace to health and more stringent inspection is necessary, * * *."

Sec 4413, GC, provides—
"* * * that in cases of emergency caused

by epidemic of contagious or infectious diseases, or conditions or events endangering the public health, such boards (city boards of health) may declare such orders and regulations to be emergency measures, and such orders and regulations shall become immediately effective without such advertising, recording and certifying."

Sec 4227-3, GC, provides that

"* * * Such emergency ordinances or measures must, upon a yea and nay vote, receive the vote of two-thirds of all the members elected to the council or other body corresponding to the council of such municipal corporation, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure. * * * "

There is nothing disclosed by the evidence in this case tending to show the presence of an emergency, and the above provision of the ordinance contains nothing which, in our judgment, constitutes "a section in which the emergency is set forth and defined."

True, the above section does contain two conclusions, which to our way of thinking, are not borne out by the evidence; but the ordinance as drawn and passed, does not comply with the mandatory section of the charter with reference to setting forth and defining the emergency.

The purpose of the passage of the emergency provisions of the statutes, and of the incorporation of a like provision into the city charter, was undoubtedly to permit prompt action upon the part of the legislative bodies, when confronted with a situation calling for such action. However, the mere recitation in the legislation of a conclusion to the effect that an emergency exists, is not conclusive upon the courts, and the courts may properly inquire whether such a conclusion is founded upon fact, or is a mere statement predicated upon no factual basis.

The evidence in the instant case does not warrant the conclusion that an "emergency caused by epidemic of contagious or infectious diseases" existed, nor does it permit of the conclusion that "conditions or events endangering the public health" were prevalent. Accordingly there was no basis, either under the charter or the state law, for the passage of the ordinance in question as an emergency measure.

We accordingly hold that, the ordinance having failed to properly set forth and define the emergency in one section thereof, and the evidence having failed to disclose "an emergency caused by epidemic of contagious or infectious diseases, or conditions or events endangering the public health," the ordinance was improperly passed as an emergency measure, and hence is incapable of enforcement.

An injunction will issue against the defendants, enjoining them and each of them from attempting to enforce the provisions of said ordinance against the plaintiff.

Decree accordingly.

ROBERTS, J, (7th Dist) and FUNK, J, concur in judgment.